O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SUN-MATE CORPORATION,

Plaintiff,

vs.

KOOLATRON CORPORATION, TARGET CORPORATON, AND THE COCA-COLA COMPANY

Defendants.

CASE NO. CV 10-4735-JST (JCGx)

**ORDER (1) DENYING DEFENDANT KOOLATRON'S MOTIONS FOR SUMMARY JUDGMENT (Docs. 62, 63) AND (2) DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT FOR INFRINGMENT (Doc. 60)**

## I. INTRODUCTION AND BACKGROUND

This case involves the alleged infringement of Plaintiff Sun-Mate Corporation's patented portable coolers by Defendants Koolatron Corporation, Target Corporation, and The Coca-Cola Corporation. The Court previously outlined the factual and procedural background in its November 16, 2010 order denying Defendants' motion for summary judgment as to invalidity of the patents-at-issue and Plaintiff's motion for preliminary injunction. (Doc. 50 at 2.) Before the Court are cross-motions for summary judgment. Plaintiff has filed a Motion for Partial Summary Judgment, asserting that Koolatron infringed Plaintiff's United States Design Patent Nos. D645,133 (patent '133) and D499,308 (patent '308) through the manufacture of certain portable coolers and that Target and Coca-Cola sell the infringing items. (Doc. 60.) Koolatron has filed a Motion for Summary Judgment for Invalidity of patent '133 (Doc. 62) and a Motion for Summary Judgment for Invalidity of patent '308 (Doc. 63). Coca-Cola and Target have joined Koolatron's Motions for Summary Judgment. (Docs. 64, 65.) The parties have filed respective oppositions and replies. Having considered the parties' briefs and heard oral argument, the Court DENIES Koolatron's Motions for Summary Judgment for Invalidity and DENIES Plaintiff's Motion for Partial Summary Judgment for Infringement.

## II. LEGAL STANDARD

In deciding a summary judgment motion, a court must view the evidence in the light most favorable to the non-moving party and draw all justifiable inferences in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 586 (1986). A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the non-movant's favor, and an issue is "material" when its resolution might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248.

## III. DISCUSSION

### A. Legal Framework for Design Patents: Infringement and Anticipation

Under 35 U.S.C. § 171, "[w]hoever invents any new, original, and ornamental design for an article of manufacture may obtain a patent therefor, subject to the conditions and requirements of this title." 35 U.S.C. § 171. "A design patent protects the non-functional aspects of an ornamental design as seen as a whole and as shown in the patent." *Amini Innovation Corp. v. Anthony Cal., Inc.*, 439 F.3d 1365, 1371 (Fed. Cir. 2006) (quoting *KeyStone Retaining Wall Sys., Inc. v. Westrock, Inc.*, 997 F.2d 1444, 1450 (Fed. Cir.1993)).[1] In cross-motions for summary judgment, Plaintiff alleges that Defendants have infringed patents '133 and '308, and Koolatron alleges that said patents are invalid for lack of "novelty" pursuant to 35 U.S.C. § 102. "Lack of novelty, or 'anticipation' in patent-ese, means that the subject matter was previously known in terms of 35 U.S.C. § 102." *In re Omeprazole Patent Litig.*, 483 F.3d 1364, 1377 (Fed. Cir. 2007).

Anticipation and infringement are both questions of fact, but each carry different burdens of production and persuasion. A party challenging the validity of a patent under § 102 must establish anticipation by clear and convincing evidence. *AstraZeneca LP v. Apotex, Inc.*, 633 F.3d 1042, 1055 (Fed. Cir. 2010) ("Anticipation is a question of fact that must be established at trial by clear and convincing evidence[.]") (internal citations and

---

[1] Congress established the Court of Appeals for the Federal Circuit in 1982. Federal Court Improvements Act of 1982, sec. 124-127, Pub. L. No. 97-164, 96. Stat. 25 (codified as amended at 28 U.S.C. §§ 1291-1295 (2006)). Since then, when district courts base their jurisdiction on 28 U.S.C. § 1338, which includes patents, the Federal Circuit has exclusive jurisdiction over appeals of such decisions. 28 U.S.C. § 1295(a)(1).

quotation marks omitted); *Mahurkar v. C.R. Bard, Inc.*, 79 F.3d 1572, 1576 (Fed. Cir. 1996) ("By challenging the validity of the [patent], [the alleged infringer] bore the burden of persuasion by clear and convincing evidence on all issues relating to the status of the [reference] as prior art."). A patent holder, however, must prove infringement by a preponderance of the evidence. *Richardson v. Stanley Works, Inc.*, 597 F.3d 1288, 1295 (Fed. Cir. 2010) ("Design patent infringement is a question of fact, which a patentee must prove by a preponderance of the evidence."). The Court may decide anticipation and infringement at summary judgment if there are no genuine issues of material fact or if no reasonable jury could return a verdict in favor of the nonmoving party. *Oney v. Ratliff*, 182 F.3d 893, 895 (Fed. Cir. 1999) ("Although anticipation is a question of fact, it still may be decided on summary judgment if the record reveals no genuine dispute of material fact."); *Kustom Signals, Inc. v. Applied Concepts, Inc.*, 264 F.3d 1326, 1332 (Fed. Cir. 2001) ("[Patent] [i]nfringement . . . is a question of fact. However, summary judgment may be appropriate when there is no genuine issue of material fact or when, drawing all factual inferences in favor of the nonmoving party, no reasonable jury could return a verdict for the nonmoving party.") (internal citations and quotation marks omitted).

Because '"that which infringes, if later, would anticipate, if earlier,' the design patent infringement test also applies to design patent anticipation." *Door-Master Corp. v. Yorktowne, Inc.*, 256 F.3d 1308, 1312 (Fed. Cir. 2001) (quoting *Peters v. Active Mfg. Co.*, 129 U.S. 530, 537 (1889)). "That test requires the court to first construe the claimed design, if appropriate, and then to compare the claimed design to the article." *Id.* For anticipation or infringement of design patents, when courts compare the claimed design to either the accused design or prior art, they apply the "ordinary observer" test. *See Int'l Seaway Trading Corp. v. Walgreens Corp.*, 589 F.3d 1233, 1237-40 (Fed. Cir. 2010); *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 678 (Fed. Cir. 2008) (en banc). That is:

> if, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the

> resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.

*Gorham Co. v. White*, 81 U.S. 511, 528 (1871). The only difference between the test applied to anticipation and infringement is that in the case of infringement, courts compare the patented designed with the accused design, and in the case of anticipation, the patented design is compared with the alleged anticipatory reference. *Int'l Seaway*, 589 F.3d at 1238. "[T]he ordinary observer is deemed to view the differences between the patented design and the accused [or anticipatory] product in the context of the prior art." *Egyptian Goddess*, 543 F.3d at 676; *see Int'l Seaway*, 589 F.3d at 1239 (recognizing that *Egyptian Goddess* "refined" the ordinary observer test to include a reference to prior art). Furthermore, the "proper inquiry" is "whether the accused [or anticipatory] design has appropriated the claimed design *as a whole*." *Egyptian Goddess*, 543 F.3d at 677 (emphasis added); *see Amini Innovation*, 439 F.3d at 1371 ("It is noteworthy, however, that the deception that arises is a result of the similarities in the overall design, not of similarities in ornamental features in isolation."). Under this framework, the Court first construes the claimed designs for patent '133 and patent '308, and then addresses Koolatron's and Plaintiff's motions for summary judgment in turn.

B. Construing the Claims for Patent '133 and Patent '308

Claim construction is a question of law for the Court. *Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 979 (Fed. Cir. 1995) (en banc). "Design patents are typically claimed as shown in drawings, and claim construction must be adapted to a pictorial setting." *Crocs, Inc. v. Int'l Trade Comm'n*, 598 F.3d 1294, 1302 (Fed. Cir. 2010). Thus, trial courts are not required "to provide a detailed verbal description of the claimed design, as is typically done in the case of utility patents." *Egyptian Goddess*, 543 F.3d at 679 (holding that "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the

claimed design"). "As a rule, the illustration in the drawing views is its own best description." *Crocs, Inc.*, 598 F.3d at 1303 (quoting Manual of Patent Examining Procedure § 1503.01 (8th ed. 2006)); *see Amini Innovation*, 439 F.3d at 1371 ("It is the drawings in the patent, not just one feature of the claimed design, that define the patented design."). "[O]nly 'the non-functional aspects of an ornamental design as shown in a patent' are proper bases for design patent protection." *Door-Master Corp.*, 256 F.3d at 1312 (quoting *KeyStone*, 997 F.2d at 1450).

Patent '133 claims "[t]he ornamental design for a portable cooler, as shown and described," and is accompanied by seven separate figures showing each side of the cooler from multiple angles. (Ben Moshe Decl., Doc. 60-1, Ex. 2.) No other design is claimed in patent '133. Patent '308 also claims"[t]he ornamental design for a portable cooler, as described and shown," and is likewise accompanied by seven figures showcasing the design. (*Id.*, Ex. 4.) No other design is claimed in patent '308. Because "the preferable course ordinarily will be for a district court not to attempt to 'construe' a design patent claim by providing a detailed verbal description of the claimed design," the court relies on illustrations that are contained in patent '133 and patent '308. *Egyptian Goddess*, 543 F.3d at 679; (*see* Ben-Moshe Decl., Doc. 60, Exhs. 2, 4.)

C. Koolatron's Motions for Summary Judgment for Invalidity of Patents

Koolatron has re-filed motions for summary judgment on the basis that patent '133 and patent '308 are invalid due to a lack of novelty pursuant to § 102. "Section 102 embodies the concept of novelty - if a device or process has been previously invented (and disclosed to the public), then it is not new, and therefore the claimed invention is 'anticipated' by the prior invention." *Net MoneyIN, Inc. v. VeriSign, Inc.*, 545 F.3d 1359, 1369 (Fed. Cir. 2009). The Court denied Defendants' previous motions for summary judgment asserting the same argument because Defendants failed to submit admissible evidence to support a finding of invalidity as to patent '133, and because Defendants failed

to carry their burden of proof in showing that patent '308 was anticipated. (Doc. 50 at 6-7.)

Although a patent is presumed valid, *see* 35 U.S.C. § 282, the challenging party can overcome the presumption if they can show by clear and convincing evidence that, pursuant to § 102:

> (a) the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent, or (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States . . . .

35 U.S.C. § 102; *see In re Omeprazole*, 483 F.3d at 1377 n.2 ("35 U.S.C. § 102 provides that novelty is negated if the invention was known or used by others in the United States, § 102(a); or if the invention was patented or described in a printed publication, § 102(b); or in public use or on sale, § 102(b); or derived from another, § 102(f); or the prior invention of another who did not abandon, suppress, or conceal it, § 102(g)."); *AstraZeneca*, 633 F.3d at 1055 (requiring challenging party to satisfy "clear and convincing" burden of proof).

**1. Patent '133**

*a. Preliminary Matters*

Two weeks following oral argument and after the Court had taken these Motions under submission, Defendants attempted to submit additional evidence of prior art as to patent '133. (Doc. 81.) Defendants submitted photographs of a "retro cooler" that Laurina Company Limited, a Chinese manufacturing company, has allegedly manufactured and sold since 1998. (*Id.* at 2.) Beyond the untimely submission of this evidence, with no explanation as to why such alleged prior art could not have been discovered and produced

before Koolatron brought its Motions for Summary Judgment for Invalidity, the evidence is inadmissible because Defendants fail to authenticate it. Under Rule 901(a) of the Federal Rules of Evidence, the "requirement of authentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." Fed. R. Ev. 901(a). Defendants attempt to authenticate the prior art with a July 11, 2011 letter from Eldy Tse, an unidentified employee of Laurina Company Limited, stating that Laurina has manufactured the retro cooler since 1998. (Doc. 81, Exh. B.) This is insufficient to support a finding that the evidence in question is what Defendants claim. Defendants fail to identify Eldy Tse, nor do they submit a declaration signed under penalty of perjury from Tse attesting to the facts stated in the letter. Thus, the evidence is inadmissible and not considered for purposes of Koolatron's Motions.

*b. Analysis*

Koolatron contends that patent '133 is anticipated because it "is the same as the classic 1950s refrigerator design and that [Plaintiff] has merely re-sized those designs into a portable cooler." (Def.'s '133 Mot., Doc. 62, at 1-2.) In making this argument, Koolatron relies solely on a declaration submitted by Karin Hibma Cronan, a product designer, and exhibits attached thereto. (Cronan Decl., Doc. 62-1.) Koolatron has resubmitted three pictures that purportedly depict classic 1950s refrigerators, the same pictures Defendants submitted in support of their previous motions for summary judgment. (*Id.*, Exhs. B-D.) In ruling on the previous motions for summary judgment, the Court declined to take judicial notice of these three pictures because they consisted of facts subject to reasonable dispute. (Doc. 50 at 4); *see* Fed. R. Ev. 201. The Court noted that Defendants "could have easily submitted a declaration by an expert authenticating the pictures and testifying as to when and where the items in the documents were advertised and sold." (*Id.*) Hence, Koolatron's submission of Ms. Cronan's declaration here.

Plaintiff argues that Ms. Cronan is not qualified to testify as an expert witness in this matter, contending that she lacks the requisite academic and professional experience to support expert opinion testimony "on the issues of either product design or the novelty of inventions that are the subject of design patents." (Def.'s '308 Opp'n, Doc. 72, at 5; Def.'s '133 Opp'n, Doc. 73, at 5.) Plaintiff also objects to many of the statements contained in Ms. Cronan's declaration based on her lack of expertise and lack of foundation. (*See* Pl.'s Objs., Doc. 77.)

Whether expert testimony is admissible is determined under Federal Rule of Evidence 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). Rule 702 holds that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Ev. 702. In promulgating the ordinary observer test in *Gorham*, the Supreme Court noted that the test did not rely on the opinion of experts. *See Gorham*, 81 U.S. at 528 ("Experts, therefore, are not the persons to be deceived."); *see also Egyptian Goddess*, 543 F.3d at 669 (noting that "the two [designs] need not be the same 'to the eye of an expert'" under the ordinary observer test); *Blumcraft of Pittsburgh v. United States*, 372 F.2d 1014, 1016 (Ct. Cl. 1967) ("The test of sameness of effect on the eye means the eye of an ordinary observer rather than the eye of an expert in the subject matter."). The court in *Egyptian Goddess*, however, held that the ordinary observer test should be "conducted in light of the prior art." *Egyptian Goddess*, 543 F.3d at 678. Thus, under the refined ordinary observer test, an expert in the field of the prior art could prove helpful to the trier

of fact in determining whether the two designs are substantially similar. The Court must therefore determine whether Ms. Cronan qualifies as an expert in the prior art in question and whether her testimony has "a reliable basis in the knowledge and experience of the relevant discipline" to be admissible under Rule 702. *Kumho*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592).

The relevant discipline here, generally, is product design. More specifically, however, it is the design of the prior art – 1950s refrigerators and soda cans – that Koolatron contends anticipates Plaintiff's patents. Ms. Cronan declares that she has "been involved in product design and research for over 30 years," (Cronan Decl. ¶ 1,) with a "focus primarily on brand naming and brand identities." (*Id.* ¶ 2.) She coins herself as a "design strategist" with a "focus on the generation and development of ideas that lead to new products and brands." (*Id.* ¶ 1.) As Ms. Cronan states: "My role is to combine art, science and technology to create tangible three-dimensional goods and develop strategic brand identities." (*Id.*) Ms. Cronan has been a strategic partner in Cronan Design since 1980, and is the founder and president of Cronan Artefact, a product development, manufacturing, and marketing company that sells apparel. (*Id.* ¶¶ 2, 5.) Ms. Cronan represents that a copy of her resume is attached to her declaration as exhibit A, but one does not appear. (*Id.* ¶ 7.) Instead, attached is a list of various companies, including Amazon.com and TiVo, Inc., with whom Cronan Design has allegedly worked. (*Id.*)

Without a copy of Ms. Cronan's resume, Ms. Cronan's declaration standing alone provides very little detail as to her professional experience or expertise. The one specific and arguably pertinent example she provides is that "CRONAN DESIGN . . . developed the name and logo" for TiVo. (*Id.* ¶ 9.) She does not specify, however, whether *she* worked on the project, nor does she explain how developing the name and logo for TiVo gave her expertise in the design of 1950s refrigerators or soda cans. She asserts that "[a]s a product designer, I am familiar with many retro and vintage designs which are far from being outdated, unattractive or dull." (*Id.* ¶ 8.) However, she provides no basis or support for this statement, nor does she explain how her general familiarity with "retro and vintage

designs" translates into expertise in the prior art in question here. Referencing the exhibits to her declaration, which purportedly feature pictures of 1950s refrigerators, Ms. Cronan further states: "I am familiar with the referenced designs and consider myself an ordinary observer with these designs . . . ." (*Id.* ¶ 14.) But, Ms. Cronan, again, fails to provide any background or support for this assertion, or, more importantly, explain how she can be both an ordinary observer and an expert as to the pictures in question. *Cf. Arminak & Assocs., Inc. v. Saint-Gobain Calmar, Inc.*, 424 F. Supp. 2d 1188, 1199 (C.D. Cal. 2006) (noting that experts can be the ordinary observers "where they are the only ones who purchase the patented product directly").

Based on Koolatron's provision of nothing other than Ms. Cronan's unsupported declaration, the Court concludes that Ms. Cronan does not qualify as an expert in this matter. Moreover, the testimony in her declaration does not appear to have "a reliable basis in the knowledge and experience of the relevant discipline," *Kumho*, 526 U.S. at 149 (quoting *Daubert*, 509 U.S. at 592), nor does it appear to be based upon sufficient facts and data, Fed. R. Ev. 702(1). As a result, Ms. Cronan's declaration does not reflect that she possesses "specialized knowledge" that would assist the trier of fact, and the Court does not consider it for purposes of any of the three motions for summary judgment.

Even if the Court were to consider Ms. Cronan's declaration, however, it would prove unhelpful for Koolatron because she fails to authenticate pursuant to Federal Rule of Evidence 901(a) the relevant pictures submitted as exhibits B, C, and D to her declaration, and the exhibits would thus be inadmissible. Addressing exhibits B and C, Ms. Cronan notes that "the Court wants these designs authenticated" and that "[i]n order to do this, I went to my private library of design reference materials." (Cronan Decl. ¶ 18.) Ms. Cronan then points to two separate books that she referenced for this purpose, but she fails to indicate whether those books contained the photographs in exhibits B and C or to state when and where the refrigerators in said photographs were advertised and sold. (*Id.* ¶¶ 19-20.) In fact, in her deposition testimony, Ms. Cronan admitted that she did not identify a publication in which exhibits B and C appeared. (Painter Decl., Doc. 75-1, ¶ 4; Cronan

Depo. 30:24-31:2, 44:2-12.) Thus, the photographs in exhibits B and C would not be admissible. As to exhibit D, Ms. Cronan states that the "Vendo V-81 and VCM-81 Coca-Cola branded coolers, both dated from the 1950's, show the tapered top cooler design was utilized on Coca-Cola branded soda machines." (Cronan Decl. ¶ 21.) She then states that "[a]n image can be found at http://www.vintagevending.com/vendo-v-81s-and-vmc-81-sodamachines and is shown as Exhibit D, hereto." (*Id.*) The picture in exhibit D, however, features only one cooler, and Ms. Cronan does not specify which of the two coolers – the Vendo V-81 or the VCM-81 – appears. The picture in exhibit D does include the phrase at the bottom "the Vendo V-81 multi-drink coin cooler," so the Court surmises that it is the former.

Nonetheless, even if admissible, the evidence proffered by Koolatron in Ms. Cronan's declaration is insufficient to show anticipation by clear and convincing proof. In arguing that patent '133 was anticipated, Koolatron relies on pictures of allegedly three different stylized 1950s refrigerators. Based on those three separate pieces of prior art, Koolatron contends that it has "created a record on which this Court can accept the designs of the referenced 1950's refrigerators as predating the design of [Plaintiff]." (Def.'s '133 Mot. at 3.) However, "design patent anticipation requires a showing that a *single prior art reference* is 'identical in all material respects' to the claimed invention." *Door-Master*, 256 F.3d at 1312 (emphasis added) (quoting *Hupp v. Siroflex of Am., Inc.*, 122 F.3d 1456, 1461 (Fed. Cir. 1997)). Koolatron fails to specify which of the three inadmissible pictures represent the single prior art reference that is identical in all material respects to patent '133. Rather, Koolatron submits that "the overall appearance set out in '133 Patent is the same as *the* classic 1950s refrigerator design" (Def.'s '133 Mot. at 2-3) (emphasis added), and that Plaintiff's design "follows the design of *a* 1950's refrigerator" (Def.'s '133 Mot. at 4) (emphasis added), without referencing a particular piece of prior art. This is clearly insufficient to prove anticipation.

Accordingly, the Court DENIES Koolatron's Motion for Summary Judgment for Invalidity as to patent '133.

**2. Patent '308**

Koolatron's argument as to why patent '308 is anticipated fails for much the same reason. Koolatron spends a portion of its motion discussing classic 1950s refrigerators, which have no bearing on patent '308. (Def.'s '308 Mot. at 2-3.) Not until page five of the motion does Koolatron articulate its theory of invalidity for patent '308: "For the current motion, directed to validity, this Court must consider whether a portable refrigerator in the shape of a conventional soda can is patentable." (*Id.* at 5.) As with their patent '133 motion, however, Koolatron fails to specify which specific single piece of prior art anticipated patent '308. *See Door-Master*, 256 F.3d at 1312.

For example, Koolatron states that "the soda can pull tabs used in the design of the '308 patented cooler are an integral part of *a beverage can*, which is prior art not disclosed to the [PTO]." (Def.'s '308 Mot. at 3) (emphasis added.) This statement is unhelpful for two reasons. First, the only support Koolatron provides for this assertion is Ms. Cronan's declaration, which is inadmissible. Second, Koolatron fails to provide an image or description of the specific "beverage can" that constitutes the prior art. In a footnote, Koolatron notes that the Court "has taken judicial notice of *one* soda can's design," referencing a traditional Coca-Cola can, but it fails to take the next step of arguing that such can constitutes the single piece of prior art upon which it bases its motion. (*Id.* at 4 n. 1.) Koolatron points out, in the same footnote, that "[i]n fact, the inventor of the '308 patent specifically styled his design to: 'appear similar to a conventional soda can,'" but again fails to specify exactly what a "conventional soda can" visually entails or how it is emulated by patent '308's design. (*Id.* (quoting Ben-Moshe Decl. 1, Doc. 25-1, ¶ 4).)

Furthermore, the Court cannot assume that the judicially-noticed Coca-Cola can (*see* Doc. 50 at 4; Decl. of Herren, Doc. 39-1, Exh. 9) represents the single piece of prior art that Koolatron relies on to prove anticipation because Koolatron (1) has not made that clear, (2) argues that patent '308 differs from a Coca-Cola can, and (3) advances other arguments suggesting that, as in its patent '133 motion, Koolatron is relying on an obscure amalgamation of images rather than a single piece of art. As to the second point, in its

opposition to Plaintiff's motion for summary judgment for infringement, Koolatron argues that "the design of the '308 patent is different than the iconic shape of a Coca-Cola soda can." (Def.'s Opp'n at 5; Cronan Decl. ¶ 27.) Thus, Koolatron's position that the '308 patent is anticipated by, but also differs from, a Coca-Cola can is contradictory. As to the third point, Koolatron asserts that the "flush handle of the [patent '308] cooler would have been an obvious solution to preserving the shape of the beverage can to access the side of the can, if used as a cooler: it too is not novel." (Def.'s '133 Mot. at 3.) But, this statement relies solely on Ms. Cronan's declaration and is therefore unsupported. Because Koolatron has failed to specify which single piece of art allegedly anticipated patent '308, it fails to show by clear and convincing evidence that patent '308 is invalid.

However, if the Court considered the Coca-Cola can as the single reference to which patent '308 is compared, Koolatron still would not have shown anticipation by clear and convincing evidence. As described above, under the ordinary observer test, "two designs are substantially the same, if the resemblance is such as to deceive such an observer, giving such attention as a purchaser usually gives, inducing him to purchase one supposing it to be the other . . . ." *Gorham*, 81 U.S. at 528. That is, "an ordinary observer, familiar with the prior art designs, would be deceived into believing that the accused product is the same as the patented design." *Crocs, Inc.*, 598 F.3d at 1303. This "requires a side-by-side view of the drawings of the ['308] patent design" and the Coca-Cola can. *Id.* at 1304. This is a question of fact, and summary judgment is appropriate only when "there is no genuine issue of material fact or when, drawing all factual inferences in favor of the nonmoving party, no reasonable jury could return a verdict for the nonmoving party." *Kustom Signals*, 264 F.3d at 1332 (Fed. Cir. 2001).

Here, there exists a genuine issue of material fact as to whether, under the ordinary observer test, the design of patent '308 is substantially the same as the design of a Coca-Cola can. Moreover, the Court concludes that a reasonable jury could return a verdict in favor of Plaintiff, the non-moving party, finding that an ordinary observer would not be induced into purchasing the cooler shown in patent '308 supposing it to be a can of Coca-

Cola soda and, therefore, that the design of the Coca-Cola can does not anticipate the design of patent '308. Thus, summary judgment is inappropriate, and the Court DENIES Koolatron's motion for summary judgment as to patent '308.[2]

D. Plaintiff's Motion for Summary Judgment for Patent Infringement

Plaintiff alleges that Koolatron manufactures portable coolers that infringe upon the designs of patent '133 and patent '308. "A design patent is infringed by the 'unauthorized manufacture, use, or sale of the article embodying the patented design or any colorable imitation thereof.'" *Arminak*, 424 F. Supp. 2d at 1192 (quoting *Goodyear Tire & Rubber Co. v. Hercules Tire & Rubber Co.*, 162 F.3d 1113, 1116-17 (Fed. Cir. 1998)). Infringement is a question of fact, and Plaintiff must prove infringement by a preponderance of the evidence. *See Richardson*, 597 F.3d at 1295 (Fed. Cir. 2010). The Court applies the ordinary observer test to determine whether infringement occurred.

Koolatron opposes Plaintiff's motion on two grounds: (1) the patents are invalid as anticipated, as argued in their own motions for summary judgment, and (2) "there are factual issues that preclude summary judgment as to infringement." (Def.'s Opp'n, Doc. 68, at 1.) The Court has already rejected Koolatron's first argument. Nonetheless, the Court cannot conclude as a matter of law that infringement has occurred.

As with the anticipation analysis, to determine whether infringement has occurred the trier of fact must take a "side-by-side" view of the illustrations in the subject patent and the alleged infringing product. In doing so, the trier of fact must determine based on the

---

[2] The Court need not re-address Koolatron's previously rejected argument, (*see* Doc. 50 at 6-7,) that the mere resizing of existing art does not amount to a novel, patentable *design* because Koolatron fails to provide any new, binding authority that supports this argument. Instead, Koolatron unconvincingly cites to cases that addressed utility patents, not design patents, the most recent of which was decided in 1955. (*See* Def.'s '308 Mot. at 3-4; Def.'s '133 Mot. at 3-4.) Moreover, the Court rejects Koolatron's position that patent '308 encompasses the mere resizing of a Coca-Cola can.

ordinary observer test whether Plaintiff has met its burden of showing by a preponderance of the evidence that the design of Koolatron's KWC4 Coca-Cola-branded cooler infringed the design of patent '133 and that the design of Koolatron's CC10 cooler infringed the design of patent '308. The Court finds that there remain genuine issues of material fact as to whether under the ordinary observer test the designs of Koolatron's coolers and Plaintiff's patents are substantially the same. Thus, summary judgment is inappropriate. Accordingly, the Court DENIES Plaintiff's Motion for Partial Summary Judgment for Infringement.

## IV. CONCLUSION

For the aforementioned reasons, the Court DENIES Koolatron's Motions for Summary Judgment as to Invalidity of patent '133 and patent '303, and DENIES Plaintiff's Motion for Partial Summary Judgment as to Infringement of patent '133 and patent '303 by Koolatron.

DATED: August 1, 2011

**JOSEPHINE STATON TUCKER**
JOSEPHINE STATON TUCKER
UNITED STATES DISTRICT JUDGE